The appellant, Joe Carpenter Tyree, appeals from the trial courts' denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The appellant had been convicted of sexual abuse in the first degree, based on a guilty plea. He was sentenced to 15 years' imprisonment. The appellant did not appeal.
In his petition, the appellant argues that his conviction violated the Double Jeopardy Clause because, he says, he was present at the delinquency hearing involving the victim. He also argues that he was denied the effective assistance of counsel when his attorney informed him, on the day of trial, that he was not prepared for trial and that he had not subpoenaed witnesses, and then threatened to file a motion to withdraw if the appellant did not plead guilty.
The State responded that the petition was due to be dismissed because it was barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
After conducting an evidentiary hearing, the trial court issued the following order: "After a careful review of the transcript of the plea entry of 2-8-93, the court denied the defendant's Rule 32 petition for relief." *Page 2 
Because the trial court held an evidentiary hearing, it was required to make specific findings of fact relating to each material issue. Rule 32.9(d), Ala.R.Crim.P. The trial court failed to do so. This cause is therefore, remanded to the trial court with instructions to make specific findings of fact relating to each material issue raised by the appellant pursuant to Rule 32.9(d), Ala.R.Crim.P. If there are claims which are precluded from review, the trial court should so state for the record. Due return shall be filed in this court no later than 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.
 On Return to Remand